# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | CHAPTER 11 |
| ABEINSA HOLDING, INC, *et al.*,[1] | Case No. 16-10790 (KJC) <br> (D.I. 1452) |
| Reorganized and Liquidating Debtors. | |
| DRIVETRAIN, LLC, as Litigation Trustee for the Abeinsa Litigation Trust | Adv. Proc. No. 17-50532 (KJC) <br> (Adv. D.I. 14) |
| Plaintiff, | |
| v. | |
| RIOGLASS SOLAR, INC. | |
| Defendant. | |

## OPINION[2]

Before the Court is a motion by Rioglass Solar, Inc. ("Rioglass") for limited reconsideration or clarification of an Order of this Court entered on July 13, 2017 (the "Rioglass Motion").[3] For the reasons set forth herein, the Rioglass Motion will be granted, in part, and denied, in part.

---

[1] The "Reorganized Debtors" in these chapter 11 cases are (i) Abeinsa Holding Inc. and (ii) Abengoa Solar, LLC; and the "Liquidating Debtors" in these chapter 11 cases are (i) Inabensa USA, LLC and (ii) Abengoa Bioenergy Holdco, Inc.

[2] This Memorandum constitutes the findings of fact and conclusions of law, as required by Fed.R.Bankr.P. 7052. This Court has jurisdiction to decide the Motion pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

[3] On July 27, 2017, Rioglass filed the Motion Under Federal Rule of Bankruptcy Code Procedure 9023 for Limited Reconsideration or Clarification of this Court's Order Regarding Joint Motion of Reorganized Debtor and the Litigation Trust for Entry of an Order (i) Enforcing the Terms of the Confirmation Order and Plan to Compel Rioglass Solar Inc. to Consent to Withdrawal of the Reorganized Debtors' Arbitration Action and Cease Prosecution of Claims Against Reorganized Debtor and (ii) for an Award of (A) Actual Damages and (B) Sanctions (Main Case D.I. 1452, Adv. D.I. 14) (the "Rioglass Motion").

Background

On March 29, 2016, the Debtors, including Abener Teyma Mojave General Partnership ("ATMGP"), filed chapter 11 bankruptcy petitions in this Court.[4] On December 15, 2016, I entered an Order (the "Confirmation Order") confirming the Debtors' Modified First Amended Plans of Reorganization and Liquidation (the "Plan").[5] The Plan became effective on March 31, 2017. Also on March 31, 2017, the Reorganizing Debtors, including ATMGP, entered into an agreement (the "Litigation Trust Agreement") with Drivetrain, LLC (the "Litigation Trustee") that assigned certain claims of those Debtors to the Litigation Trust.

One of the claims assigned to the Litigation Trust was a breach of contract claim asserted by ATMGP against Rioglass arising out of the parties' contract dated February 27, 2012, under which Rioglass agreed to supply ATMGP with solar reflectors for the construction of a thermo-solar power plant in San Bernardino County, California (the "Supply Contract"). The Supply Contract provided that "[a]ny Dispute[6] shall be settled by an amicable effort on the part of the parties affected."[7] The Supply Contract further provided that "[i]f an attempt of amicable

---

[4] On March 29, 2016, Abeinsa Holding Inc. and the following affiliated entities filed chapter 11 petitions in this Court: Abeinsa EPC LLC; Abencor USA, LLC; Abener Construction Services, LLC; Abener North America Construction, LP; Abengoa Solar, LLC; Inabensa USA, LLC; Nicsa Industrial Supplies LLC; Teyma Construction USA, LLC; Abeinsa Abener Teyma General Partnership; Abener Teyma Mojave General Partnership; Abener Teyma Inabensa Mount Signal Joint Venture; Teyma USA & Abener Engineering and Construction Services General Partnership; Abengoa US, LLC; Abengoa US Operations, LLC; Abengoa Bioenergy Biomass of Kansas, LLC; Abengoa Bioenergy Hybrid of Kansas, LLC; Abengoa Bioenergy Technology Holding, LLC; Abengoa Bioenergy New Technologies, LLC (the "Debtors").

[5] See Main Case D.I. 1042 (Confirmation Order).

[6] The term "Dispute" is defined in the Supply Contract as "any dispute, difference, controversy and/or claim of any kind whatsoever arising between the Parties in connection with or arising out of the Contract including without limitation any question regarding its existence, validity, interpretation, scope, termination or the supply of the Goods or the execution of (or any failure in the execution of) the Work, whether during the progress of the manufacture or fabrication of the Goods or the performance of the Work or after their completion and whether before or after the abandonment or breach of the Contract or the termination of the Contractor's engagement hereunder." Supply Contract, Ex. 1-A to the Objection of Rioglass (Main Case D.I. 1363), § 1.1.

[7] *Id.* at § 30.3.

2

settlement has failed, the Dispute shall be finally settled by the International Chamber of Commerce of Paris, under and by its Rules of Arbitration (hereinafter referred to as "Rules") by three arbitrators appointed in accordance with the Rules."[8]

On July 11, 2016 (which was post-petition, but pre-confirmation), ATMGP filed arbitration proceedings (the "Arbitration") against Rioglass before the International Chamber of Commerce ("ICC") asserting breach of contract claims under the Supply Agreement and claiming liquidated damages of $2.7 million arising from Rioglass's alleged late deliveries. The parties dispute, strongly, how to characterize the parties' interactions attempting to bring the Trust into the Arbitration after the Plan's Effective Date. The short version of this needless dispute is that the Trust asserted a right under the confirmed Plan and the Litigation Trust Agreement to be substituted in the Arbitration in the place of ATMGP, while Rioglass argued that the ICC Rules required the Trust to be added by joinder as another party to the Arbitration. As the filings escalated in the Arbitration, on May 2, 2017, ATMGP sent a letter to the Arbitration Tribunal seeking to withdraw its request for arbitration.

On May 8, 2017, Rioglass filed a second ICC arbitration proceeding (the "Second Arbitration Proceeding") against the Trust seeking, among other things, declarations that (i) the arbitration agreement was valid and binding on Rioglass and the Trust, (ii) Rioglass had not violated the Confirmation Order, Plan or the Litigation Trust Agreement, and (iii) Rioglass was not liable on the liquidated damages claim first asserted by ATMGP.

On May 30, 2017, the Reorganized Debtor and the Trustee filed a joint motion in this Court for entry of an Order (i) enforcing the terms of the Confirmation Order and Plan to compel Rioglass to consent to withdrawal of the Reorganized Debtor's arbitration action and cease

---

[8] *Id.* at § 30.4.

3

prosecution of claims against the Reorganized Debtor, and (ii) for an award of (A) actual damages and (B) sanctions (the "Sanctions Motion").[9] On May 31, 2017, the Trustee filed an adversary complaint in this Court against Rioglass asserting breach of contract claims under the Supply Contract.[10]

At a hearing to consider the Sanctions Motion on June 27, 2017, I recommended that the parties attempt to amicably resolve this matter; the parties then discussed the matters on their own outside of the courtroom. The parties then appeared on the record and advised the Court that they had reached an agreement on the Sanctions Motion, although they needed to document it.[11] The parties noted on the record that the settlement would "result in the withdrawal of the sanctions motion, that the overall proceeding will be handled in arbitration, in one of the arbitration proceedings that are pending, and that there will be . . . a joint agreement to stay the related adversary proceeding . . . ."[12] Counsel for ATMGP noted that he was pleased with the settlement "because it has resulted in an agreement that ATMGP will not be a claimant in the proceeding, and stays the adversary, and we hope results in no cost - - further cost to the Reorganized Debtors, and implements the plan in the way we had initially contemplated."[13] The hearing on the Sanctions Motion was continued on the Court's calendar to July 12, 2017, although the parties planned to submit a stipulation documenting the agreement to the Court prior to that date.

However, the parties were unsuccessful in their attempt to document their agreement. Instead, the parties agreed to submit competing proposed orders, accompanied by short letter

---

[9] Main Case D.I. 1323.
[10] Adversary Proceeding No. 17-50532.
[11] Tr. 6/27/2017 at 7:22 - 8:20 (Main Case D.I. 1389).
[12] *Id.* at 8:1 - 8:6.
[13] *Id.* at 8:12 - 8:18.

4

briefs in support of their positions, and asked the Court to decide the matter without further hearing.[14]

After reviewing the parties' submissions, I entered an Order on July 13, 2017 (the "July Settlement Order"), which combined portions of the proposed forms of order, providing in relevant part that: (1) "The [Trust] should be substituted as the sole claimant in ICC Case No. 22103 . . . and [Rioglass] shall be the sole respondent"; (2) ATMGP "shall withdraw as a claimant in and shall not in any respect be a party to the First Arbitration . . ."; (3) the Adversary Proceeding "shall be stayed pending the final resolution and determination of the First Arbitration, *provided however that* Rioglass may apply to lift such stay for the purpose of seeking discovery from ATMGP . . ." and (4) the [Second Arbitration] "shall promptly be withdrawn . . ." and "[s]ubject to paragraph 5 [*sic*] of this Order, each party shall bear its own costs and expenses, and no party shall seek or make any application for costs or damages, including attorneys' fees, in connection with the Second Arbitration."[15]

Paragraph 4 of the July Order provides:

In the First Arbitration, the Trust or Rioglass may make such application as is appropriate or permitted under the applicable rules, law or contract to the tribunal for an award of costs or damages, including attorneys' fees, to be paid by the other of them, which application may include costs, damages or fees incurred in connection with litigation collateral or related thereto, including the Second Arbitration, but excluding the Adversary Proceeding. For the avoidance of doubt, nothing in this Stipulation provides, enhances, or expands any entitlement of any party to any award or grant of costs or damages, including attorneys' fees.[16]

On July 27, 2017, Rioglass filed its Motion asking the Court to reconsider or clarify the July Order regarding three issues. The first issue asserts that portions of the July Order that reference paragraph 5, should, instead, reference paragraph 4. Second, Rioglass asks the Court to

---

[14] *See* Main Case D.I.'s 1395, 1396, 1397, and 1401.
[15] Main Case D.I. 1409.
[16] *Id.*

5

clarify that it may assert a damages claim against the Trust in the Arbitration arising from the Trust's filing of the Adversary Proceeding, which Rioglass argues breaches the agreement to arbitrate all Disputes. Third, Rioglass asks the Court to clarify that the July Order allows the Arbitration Tribunal to decide whether the Trust should be added to the Arbitration by substitution or joinder. Except for the paragraph number references, the Trust and ATMGP forcefully object to the relief requested in the Rioglass Motion. At a hearing to consider the Rioglass Motion, the parties presented oral argument and the matter was taken under advisement.

## Standard

The Third Circuit has instructed that the purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."[17] A motion to alter or amend a judgment under Rule 59(e) must be grounded on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice.[18] The motion should not relitigate issues the Court has already decided, nor should parties make additional arguments which should have been made prior to judgment.[19] "[F]inality of judgment and conservation of judicial resources dictate that Rule 59(e) [motions] be sparingly granted."[20]

---

[17] *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

[18] *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[19] *In re Filene's Basement*, No. 11-13511 (KJC), 2014 WL 172137, at *2 (Bankr. D. Del. Jan. 15, 2014) citing *Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994); *see also Bhantagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir.1995) (finding a motion for reconsideration based on a new, alternate theory was "a classic attempt at a 'second bite at the apple' ").

[20] *Skretvedt v. E.I. DuPont de Nemours and Co.*, No. 98–61-MPT, 2009 WL 1649495, *2 (D. Del. June 12, 2009) citing *Pennsylvania Ins. Guaranty Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992).

Discussion

The first issue in this matter is easily resolved. The two references in the July Order to paragraph 5, which should refer to paragraph 4, are typographical errors that will be corrected in the form of Order entered on the Rioglass Motion.

The remaining issues provide an interesting conundrum arising out of the parties' inability to document the settlement they claimed to reach outside of Court at the hearing on June 27, 2017. As noted in the July Order, the parties thereafter submitted competing forms of Order to the Court, accompanied by letter briefs reflecting their continuing disagreements, and asked the Court to resolve the open issues without further hearing. The Trust argues that both parties agreed to be bound by the Court's determination with respect to the competing orders and, therefore, the Court should reject Rioglass's request for limited reconsideration or clarification as an attempt to reargue the issues. However, I cannot agree that Rioglass waived any right to seek reconsideration or clarification of - - or even a right to appeal -- the July Order when it agreed that the Court should decide the matter on the papers without further argument. Indeed, Rioglass's counsel made it plain that were I not to grant the relief requested, I would "imperil" the arbitration[21] and commit "reversible error,"[22] which Rioglass "would have to appeal."[23] All said, of course, with "respect" or "all due respect."[24]

The Rioglass Motion points out flaws in the July Order that I should clarify to prevent any manifest injustice that could result due to any confusion about my decision. There is no dispute that the Supply Agreement between ATMGP and Rioglass contained an arbitration

---

[21] Tr. 8/23/2017 at 10:20 - 10:25.
[22] *Id.* at 13:18 - 14:2.
[23] *Id.* Whether Rioglass exercises any right of appeal is of no moment to me. My task here is merely to set forth reasons for my decision for the benefit of the parties and any appellate court.
[24] *Id.* at 10:23, 14:10, and 15:19.

7

provision. The Third Circuit has noted that the Federal Arbitration Act (the "FAA")[25] "mandates that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"[26] Moreover, a recent Ninth Circuit decision concluded that ICC Rule, Article 6(3) "makes clear that the arbitrators are vested with the authority to determine questions of arbitrability."[27] The presumption in favor of arbitrability is particularly applicable when the arbitration clause is broad.[28] The Supply Agreement broadly defines the term "Disputes" that is used in the arbitration provision.[29] With this presumption of arbitrability in mind, I address the remaining issues in the Rioglass Motion.

In their attempt at settlement, the parties agreed that they could apply to the Arbitration Tribunal for costs, including costs associated with the discontinued arbitration and the Adversary Proceeding.[30] However, the settlement broke down when the parties tried to document their different interpretations of the term "costs." The Trust and ATMGP argue that they intended to preserve the ability to apply under ICC Rules for an award of costs in favor of the prevailing party. Rioglass, on the other hand, argues that it intended to preserve its right to assert a damage claim for attorneys' fees and costs incurred in responding to the Adversary Proceeding which, it argues, was filed in violation of the Supply Contract's arbitration provision.[31] Rioglass argues

---

[25] 9 U.S.C. § 1, *et seq.*
[26] *Brayman Constr. Corp. v. Home Ins. Co.*, 319 F.3d 622, 625 (3d Cir. 2003) quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). *See also Battaglia v. McKendry*, 233 F.3d 720, 727 (3d Cir. 2000) ("[A]n agreement to arbitrate a particular dispute 'should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'").
[27] *Portland General Elec. Co. v. Liberty Mutual Ins., Co.*, 862 F.3d 981, 985 (9th Cir. 2017).
[28] *Brayman*, 319 F.3d at 625 citing *AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).
[29] *See* n. 6, *supra*. "Broad arbitration provisions are generally defined as those that apply to 'any dispute' or 'all disputes' arising from an agreement." *FBI Wind Down, Inc. v. Heritage Home Group, LLC (In re FBI Wind Down, Inc.)*, 252 F.Supp.3d 405, 414 (D. Del. 2017) citing *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 888 n.5 (3d Cir. 1992).
[30] *See* Letter dated July 10, 2017 (Main Case D.I. 1395) at 3.
[31] *See* Letter dated July 10, 2017 (Main Case D.I. 1396) at 2-3.

that case law permits claims for damages that arise when a party initiates suit in violation of arbitration provision or forum selection clause.[32]

> Paragraph 4 of the July Order provides in pertinent part that the Trust or Rioglass:
>
> may make such application as is appropriate or permitted under the applicable rules, law or contract to the tribunal for an award of costs or damages, including attorneys' fees, to be paid by the other of them, which application may include costs, damages or fees incurred in connection with the litigation collateral or related thereto, including the Second Arbitration, *but excluding the Adversary Proceeding.*"[33]

As the parties could not reach agreement as to the meaning of "costs" and in light of the presumption in favor of arbitrability, I will revise the July Order to delete the exclusion of any claims for costs related to the Adversary Proceeding. Instead, if Rioglass asserts such a claim, the Arbitration Tribunal can decide whether a damage claim based upon responding to the Adversary Proceeding is appropriate or has any merit.

Rioglass similarly argues that the July Order should be clarified to note that use of the word "substituted" in paragraph 2 was not intended to dictate the appropriate filings and procedures that should be taken to change the parties in the Arbitration.[34] Rioglass continues to claim that ICC Rules require that the Trust be added as a party to the Arbitration through joinder. The Trust and ATMGP argue in response that the Court properly ordered the Trust's substitution in the Arbitration for ATMGP based upon language in the Plan, Confirmation Order and the Litigation Trust Agreement. Further, the Trust and ATMGP assert that "the Arbitral Tribunal had no difficulty interpreting this Court's Order [and] issued its own order on July 19 stating that

---

[32] *See, e.g., Red Cross Line v. Atlantic Fruit Co.*, 264 U.S. 109, 118, 44 S.Ct. 274, 68 L.Ed. 582 (1924); *Indosuez Int'l Fin., B.V. v. Nat'l Reserve Bank*, 758 N.Y.S.2d 308, 311, 304 A.D.2d 429 (2003). *But see Versatile Housewares & Gardening Sys., Inc. v. Thill Logistics, Inc.*, 819 F.Supp.2d 230, 241-47 (S.D.N.Y. 2011).
[33] July Order, ¶ 4 (emphasis added).
[34] July Order, ¶ 2 ("The Abeinsa Litigation Trust (the "Trust") shall be *substituted* as the sole claimant in ICC Case No. 22103 . . . .") (emphasis added).

9

the Trust would be substituted as the sole claimant."[35] No evidence to the contrary was offered by Rioglass. This issue is now moot.

Section 1.3 of the Litigation Trust Agreement provides in pertinent part that:

> The Litigation Trust will be the successor-in-interest to each of the EPC Reorganizing Debtors [which includes ATMGP] with respect to any action that was or could have been commenced by any of the EPC Reorganizing Debtors prior to the Effective Date that is a Litigation Trust Asset and shall be deemed and entitled to be *substituted* for the same as the party in all such litigation. [36]

Based upon this language, I purposefully used the term "substitution" in the July Order to describe the method of transition called for in the Litigation Trust Agreement, which is part of the confirmed Plan. And, apparently, the Arbitration Tribunal has already acquiesced.

For the foregoing reasons, the Rioglass Motion will be granted, in part, and denied, in part. An appropriate Order follows.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: February 26, 2018

---

[35] Objection by the Reorganized Debtor and Litigation Trust (Main Case D.I. 1458), ¶ 17.
[36] Litigation Trust Agreement, Main Case D.I. 1254-1, § 1.3(a) (emphasis added).